of Alice Key Browne, Deceased, Appellant; The Comptroller of the State of New York, Respondent.— Order affirmed, with costs. No opinion.

Charles Peterson, Appellant, v. The City of New York, Respondent.— Judgment and order affirmed, with costs. No opinion.

Frank Jouse, as Administrator, etc., of Nicola Jouse, Deceased, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent; Impleaded with the New York, New Haven and Hartford Railroad Company.— Judgment and order affirmed, with costs. No opinion.

Charles F. Wood, Respondent, v. J. L. Mott Iron Works, Appellant.— Judgment modified by striking out interest allowed as damages and as so modified judgment and order affirmed, without costs. No opinion. Settle order on notice.

Henry R. Drowne, Appellant, v. Louisa F. Drowne, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. (Houghton, J., dissenting as to alimony.)

John Holl and Bernard Holl, Respondents, v. Builders' Construction Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

## FOURTH DEPARTMENT, JULY, 1908.

In the Matter of the Petition of MAYNARD N. CLEMENT, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 26,223, Issued to JOHN E. PENFOLD, Respondent.

*Intoxicating liquor — action to revoke liquor tax certificate — weight of evidence as to violations.*

Appeal from an order of the Supreme Court, entered in the Chautauqua county clerk's office February 5, 1908, dismissing the petition to revoke and cancel a liquor tax certificate.

WILLIAMS, J.: The order should be reversed, with costs, and an order made revoking and canceling the liquor tax certificate, with thirty dollars costs. The reason alleged for taking away respondent's certificate was that he sold liquor on Sunday contrary to law. The sales were testified to by four witnesses, special excise agents of the State. There seemed to be no doubt as to the sales of liquor, but it was claimed the service of the liquor was in connection with genuine meals ordered by and served to the witnesses. The evidence given in behalf of defendant to sustain this claim was very unsatisfactory, and in our judgment entirely failed to overcome the evidence given by the petitioner's four witnesses. These men knew what the truth was. They went to defendant's place for the express purpose of ascertaining whether he was violating the law. They could not be mistaken as to the evidence they gave, and if it was untrue they were guilty of deliberate perjury. They were performing a duty as State agents, were under no obligation to testify to anything that was untrue, and we cannot believe the evidence they gave in this proceeding *was* untrue. We do not regard it as necessary to enter upon an analysis of the evidence given for defendant, but a careful reading of it fails to throw any doubt upon the evidence given for